JANET L. CHUBB, ESQ.
Nevada Bar #176
LOUIS M. BUBALA, III, ESQ.
Nevada Bar #8974
ARMSTRONG TEASDALE LLP
50 W. Liberty Street, Suite 950
Reno, NV 89501
Telephone: (775) 322-7400
Facsimile: (775) 322-9049
Email: jchubb@armstrongteasdale.com
       lbubala@armstrongteasdale.com

Electronically Filed on April 30, 2012

Attorneys for Donna Schlutsmeyer

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In re:

EVAN LADELL ALLRED
VICKIE LYNETTE ALLRED,

Debtors.

Case No.: BK-N-10-52518-GWZ
Chapter: 11

**EMERGENCY MOTION FOR ORDER DIRECTING CLERK TO EXECUTE DEEDS OF TRUST ON BEHALF OF DEBTORS**

Hearing Date: OST Requested
Hearing Time: OST Requested

Creditor Donna Schlutsmeyer files this emergency motion for an order directing the clerk of the court to execute two deeds of trust for her benefit. The deeds of trust are provided for in the first amendment to the Debtors' second amended plan of reorganization (Ct. Dkt. #204, filed Oct. 17, 2011) that was confirmed by this court (Ct. Dkt. #223, filed Dec. 28, 2011). This motion is filed on an emergency basis because Debtors lied to the Court during hearings last week and the holder of the senior secured interest against one of the properties is prepared to initiate foreclosure proceedings.

On Thursday, April 26, 2012, the Court held a hearing in part because Debtors failed to execute deeds of trust for the benefit of Ms. Schlutsmeyer. During the hearing, Mr. or Mrs. Allred (or their daughter, Karyn Allred, who was allowed to speak on their behalf during their telephonic appearance) stated they had not executed the deeds of trust because they had not received them. The Court directed Ms. Petroni to provide the Allreds with the deeds of trust for execute and return to her.

The following day, Friday, April 27, 2012, the bankruptcy court received and filed a motion by the Allreds to remove Ms. Petroni as the disbursing agent (Ct. Dkt. #250). The motion is dated Tuesday, April 24, 2012. Among the attached documents are copies of the deeds of trust, provided

1 by Ms. Petroni to the Debtors on or about March 16, 2012.

2       The Debtors' motion is undisputed evidence that Debtors were in possession of the deeds of
3 trust a month before the hearing on April 26.  The Allreds falsely told the Court at that hearing that
4 they had never received the deeds of trust—yet they already had mailed copies of them to the court to
5 be filed with their motion to remove Ms. Petroni.  Combined with the below circumstances, the
6 Debtors have repeatedly disregarded their obligations as debtors and under the Court's orders.  Ms.
7 Schlutsmeyer is compelled to file this motion to protect her interests, rather than rely on the hope that
8 Debtors will now start to perform their obligations.

9       Ms. Schlutsmeyer finds herself unsecured today against Debtors' residential property in
10 Wellington, Nevada, only because of Debtors' misconduct during the case.  Ms. Schlutsmeyer held
11 the senior security interest when the case was filed.  However, Debtors improperly obtained a
12 reconveyance of her deed of trust without her consent when Mrs. Allred executed paperwork (Ct.
13 Dkt. #115, Schlutsmeyer Obj. to Discl. St., filed Feb. 18, 2011).  Ms. Schlutsmeyer agreed to
14 confirmation of Debtors' second amended plan based on the provisions provided in the first
15 amendment (Ct. Dkt. #204), which includes a second deed of trust against the Wellington property.

16       Furthermore, Debtors are in danger of losing the Wellington property through foreclosure.
17 Debtors (or their daughter) admitted during the April 26 hearing that they had not made the necessary
18 payments to the Schreibers as the holders of the note secured by the first deed of trust against the
19 Wellington property.  Gerhardt Schreiber included undersigned counsel on an email this morning to
20 the Allreds and their daughter, stating that if the loan is not brought current by the close of business
21 today, he will begin the process Tuesday to foreclose on the property.

22       This motion is filed pursuant to the court's inherent authority and its discretionary authority to
23 apply Federal Rule of Civil Procedure 70(a), as incorporated by Federal Rules of Bankruptcy
24 Procedure 7070 and 9014(c).  *See* 10 *Collier on Bankruptcy* ¶ 7070.1 & n.8-10 (16th ed. 2011), *citing*
25 11 U.S.C. § 105(a); *In re Anderson*, 206 B.R. 573, 575 n.3 (Bankr. M.D. Ala. 1997); and *Health*
26 *Science Prods., Inc. v. Taylor (In re Health Science Prods., Inc.)*, 191 B.R. 915, 918 (Bankr. N.D.
27 Ala. 1995).  Rule 70(a) states: "If a judgment requires a party to … deliver a deed or other document
28 … and the party fails to comply within the time specified, the court may order the act to be done—at

1  the disobedient party's expense—by another person appointed by the court.  When done, the act has
2  the same effect as if done by the party."  The authority is applicable here.  Ms. Schlutsmeyer lost her
3  security interest in the Wellington property while this case was pending based on the misconduct of
4  Debtors.  The plan was confirmed four months ago with the requirement that the Debtors provide her
5  with two deeds of trust.  Debtors have not executed the deeds of trust.  Debtors also lied to the Court
6  last week when they claimed they had never received the deeds of trust.  Given that there is an
7  imminent risk that the holder of the senior security interest is going to foreclose on the Wellington
8  property, Ms. Schlutsmeyer asks at the Court direct the clerk of the court to execute the deeds of trust
9  so they may be recorded against Debtors' property.

Copies of the proposed deeds of trust are attached as Exhibit 1 and 2.  They have been slightly revised from the copies previously provided to Debtors (attached as exhibits to Ct. Dkt. #250, Debtors' Mtn. to Change Disbursing Agent) to reflect Debtors' residential address in Wellington; correct the spelling of the city where Ms. Schlutsmeyer resides; include the date of the order confirming the plan of reorganization; correct the spelling of Treadway Park; correct the location of Treadway Park as in Carson City; and include the legal descriptions of the properties.

Dated this 30th day of April, 2012.            Armstrong Teasdale LLP

 /s/ Louis M. Bubala III
JANET L. CHUBB, ESQ.
LOUIS M. BUBALA, III, ESQ.

Attorneys for Donna Schlutsmeyer