GLORIA M. PETRONI, ESQ.
Nevada Bar No. 002230
417 West Plumb Lane
Reno, NV 89509
Telephone: (775) 786 7600
Facsimile: (775) 786 7764
E-Mail: topgun@renolaw.biz
Disbursing Agent

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| IN RE:<br><br>EVAN LADELL ALLRED and<br>VICKIE LYNETTE ALLRED,<br><br>Debtors.<br>_____ / | BK 10-52518-GWZ<br>(Chapter 11)<br><br>**MOTION REQUESTING AMENDMENT TO COURT ORDER DIRECTING DEBTORS TO IMPLEMENT PLAN BY TURNOVER OF DEBTORS' NON-EXEMPT MOTORHOME( 11 U.S.C. §1142)**<br><br>Hrg. Date: November 13, 2012<br>Hrg. Time: 2:00 p.m.<br>Est. Time: 5 minutes<br>Set By: Linda Duffy |

      COMES NOW, GLORIA M. PETRONI, ESQ., Disbursing Agent for the bankrupt estate of EVAN LADELL ALLRED and VICKIE LYNETTE ALLRED, husband and wife, post-confirmation Debtors herein ("Debtors"), and hereby files her MOTION REQUESTING AMENDMENT TO COURT ORDER DIRECTING DEBTORS TO IMPLEMENT PLAN BY TURNOVER OF DEBTORS' NON-EXEMPT MOTORHOME (11 U.S.C. § 1142) ("Motion"), and alleges as follows:

      1.    The Debtors filed a Voluntary Petition for Chapter 11 relief on June 26, 2010. The Debtors filed a SECOND AMENDED PLAN OF REORGANIZATION [Docket

No. 177], as subsequently amended by the FIRST AMENDMENT TO DEBTORS' SECOND AMENDED PLAN OF REORGANIZATION [DOCKET NO. 204], and subsequently amended by the SECOND AMENDMENT TO DEBTOR' SECOND AMENDED PLAN OF REORGANIZATION [DOCKET NO. 206], and subsequently amended by the VERIFICATION OF EVAN ALLRED AND VICKIE ALLRED IN SUPPORT OF FIRST AMENDMENT TO DEBTORS' SECOND AMENDED PLAN OF REORGANIZATION, AS AMENDED [DOCKET NO. 207] and the ERRATA TO DEBTORS' SECOND AMENDED PLAN OF REORGANIZATION [DOCKET NO. 208] (collectively herein the "Plan") , which Plan was considered by the Court at a duly noticed hearing on October 18, 2011.  The result of the hearing was a confirmed Plan, duly filed and entered..

       2.    In fact, the FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING DEBTORS' SECOND AMENDED PLAN OF REORGANIZATION, AS AMENDED, was filed and entered herein on December 20, 2011 (Docket No. 220) and the ORDER CONFIRMING DEBTORS' SECOND AMENDED PLAN OF REORGANIZATION, AS AMENDED was filed and entered herein on December 28, 2011 [Docket No. 223].

       3.    As referenced in the SECOND AMENDMENT TO DEBTORS' SECOND AMENDED PLAN OF REORGANIZATION, AS AMENDED, filed herein on October 18, 2011 [Docket No. 206], the undersigned was appointed as the Disbursing Agent for the Debtors' bankrupt estate.  The Disbursing Agent has sole authority to make decisions to sell all of the Debtors' non-exempt real and personal property, subject to Court approval, after notice and hearing.

       4.    With respect to the Debtors' non-exempt personal property assets, the Debtors'

own a 2005 X Line motorhome ("Motorhome"), with the Debtors estimating market value of the Motorhome at $150,000.00, as stated in the Amended Schedule B to the Debtors' Voluntary Petition filed on September 30, 2010 [Docket No. 40]. Realistically, the subject Motorhome is currently valued at $50,000.00 to $70,000.00. With respect to this Motorhome, the Debtors pledged their Motorhome as security for the payment of any Court approved administrative attorney's fees and costs of PETRONI & NICHOLS, LTD., fka HARRIS-PETRONI, LTD, given the fact that no monies were paid as an advance retainer to said law firm at the time they took over the case from the attorney who originally filed the Voluntary Petition on behalf of the Debtors. The fact that the law firm was going to retain a security interest in the Motorhome was disclosed to the Court in Exhibit A to the APPLICATION FOR ORDER AUTHORIZING DEBTORS TO EMPLOY ATTORNEYS [BELDING HARRIS & PETRONI, LTD] ("Application"), filed herein on August 3, 2010 [Docket No. 23], which Application was approved by an Order of the Court entered on October 25, 2010 [Docket No. 74].

    5.    An Application by Debtors' Attorney Requesting First and Final Compensation and Reimbursement of Expenses (Harris-Petroni, LTD.) was filed herein on December 9, 2011 [Docket No. 213] ("Fee Application"), and an Order approving that Fee Application in the amount of $106,762.44, was entered on January 4, 2012 [Docket No.226], after notice and hearing.

    6.    On March 21, 2012, the Disbursing Agent filed her MOTION REQUESTING COURT ORDER DIRECTING DEBTORS TO IMPLEMENT PLAN BY TURNOVER OF DEBTORS' NON-EXEMPT MOTOR HOME (11 U.S.C. § 1142) ("Original Motion") [Docket No. 241], which Original Motion requested that the Debtors turn over the Motorhome to the Disbursing Agent so that the Disbursing Agent could sell the Motorhome and

use the sales proceeds to supplement the operating budget for the Treadway Professional Office Park, given the pending loss of its major tenant and unpaid real property taxes.  In fact, the Original Motion, as amended, was granted by the Court's entry of its ORDER GRANTING MOTION REQUESTING COURT ORDER DIRECTING DEBTORS TO IMPLEMENT PLAN BY TURNOVER OF DEBTORS' NONEXEMPT MOTORHOME (11 U.S.C. § 1141), AS AMENDED TO INCLUDE ORDER REQUIRING DEBTORS TO EXECUTE AND DELIVER DEEDS OF TRUST ("Order") [Docket No. 263] on May 8, 2012.  Pursuant to that Order, the Debtors returned the Motorhome to the Disbursing Agent in Reno, Nevada, and on or about May 25, 2012, the Disbursing Agent placed the Motorhome for sale with Jeff Holomon, who is a reputable boat and RV reseller in the Northern Nevada area.  As stated hereinbefore, it was the Disbursing Agent's intention to use the Motorhome sales proceeds to continue to fund monthly payments to First Financial Bank, the first trust deed holder for approximately $1,100,000.00 recorded on the Treadway Professional Office Park ("Treadway"), rather than to pay the outstanding attorney's fees and costs, as was originally agreed to in the Application, although this stated purposed was not memorialized or included in the Court's Order.  The Order did include turnover of the Motorhome from the Debtor's to the Disbursing Agent..

   7. Unfortunately, given the Debtors' loss of their largest tenant in the Treadway Professional Office Park complex located in Carson City, Nevada, and the ongoing failure to find a suitable replacement tenant for that vacant space, the Disbursing Agent is expecting First Financial Bank to recommence its trustee's foreclosure sale process.  The Debtors are not able to sustain the monthly payment to First Financial Bank and it appears that there are insufficient assets and/or resources to forestall a trustee's foreclosure sale on the Treadway real property.  Therefore, pursuant to the Debtors' confirmed Plan, Petroni & Nichols, LTD, fka Harris –

Petroni, LTD had alternatively secured its approved legal fees and costs by a junior deed of trust on the Treadway real property. With the imminent foreclosure of the Treadway real property, Petroni & Nichols now requests that the Court authorize that any proceeds from the sale of the Motorhome be applied to the outstanding legal fees and costs owed Petroni & Nichols, as originally agreed to by the Debtors and disclosed to the Court.

Wherefore, the Disbursing Agent respectfully requests this Court amend its Order entered on May 8, 2012 [Docket No. 263], to allow the Disbursing Agent to apply any funds received from the sale of the Motorhome to the partial payment of Court approved attorneys' fees and costs owing to Petroni & Nichols, LTD, fka Harris-Petroni Ltd.

DATED this 16th day of October, 2012

GLORIA M. PETRONI.
417 West Plumb Lane
Reno, Nevada 89509

_____
Disbursing Agent